# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ROMARIO V. WALLER,                                                                              PLAINTIFF
ADC #108263

v.                                               5:19CV00277-JM-JTK

DENISE FAYE PITTMAN, et al.                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.   Any party may serve and file written objections to this recommendation.   Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

**I.     Introduction**

Plaintiff Romario Waller is a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Division of Correction (ADC), who filed this filed this pro se action pursuant to 42 U.S.C. § 1983 alleging several constitutional violations. (Doc. No. 2) Defendant Dexter Payne was dismissed on January 2, 2020. (Doc. No. 27)

This matter is before the Court on the Motion for Summary Judgment, Brief in Support and Statement of Facts filed by remaining Defendant Denise Pittman. (Doc. Nos. 60-62) Plaintiff filed a Response, Brief in support, and Statement of Disputed Facts (Doc. Nos. 63-65), and Defendant filed a Reply (Doc. No. 68).

**II.    Complaint**

Plaintiff alleged that Defendant Pittman groped, touched, and/or fondled his penis while escorting Plaintiff to a dental service visit. (Doc. No. 2, p. 4) Later, she "waged" a series of sexual harassments against him by tampering with his legal mail and "creating a lot of false arguments" (sic). (Id.) Plaintiff filed a grievance against Defendant and reported the incident to the State police. (Id., p. 5) Although he was interviewed by Security about his complaint, he claimed he was not

2

contacted or interviewed by the Prison Rape Elimination Act (PREA) compliance manager or any other investigative personnel. (Id.)

### III.  Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.   Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

#### A.  Official Capacity Liability

Initially, the Court agrees with Defendant that Plaintiff's monetary claims against her in her official capacity are barred by sovereign immunity. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 65-66 (1989); Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997).

#### B.  Individual Capacity Liability

##### 1) Sexual Assault

Defendant asks the Court to dismiss Plaintiff's sexual assault claim against her in her

3

individual capacity for failure to support a constitutional claim for relief. According to Defendant's Declaration, she filed a disciplinary charge against Plaintiff on June 26, 2019, after he yelled profanities at her, threatened to file a grievance against her, and tried to strike her through the trap of his cell door while she was conducting mail call. (Doc. No. 60-1, pp. 1-2) Plaintiff then filed a grievance against Defendant, alleging that while she escorted him to dental call (on an unspecified date) she touched his penis with her hand and backed up her buttocks into him. (Id., p. 2) According to VSM security policy, all non-death row inmates must be escorted by two officers, which was the case on the date in question. (Id., p. 2) However, when Defendant later learned the alleged date of the sexual assault, August 16, 2018, she could not remember the identity of the fellow officer who was present during the escort and could not check the dental lab video camera footage because the video had been recorded over. (Id., pp. 2-3) Defendant Pittman also denied that she touched Plaintiff or sexually assaulted him. (Id., pp. 2-3)

James Gibson, Superintendent of the Varner/Varner Super Max Complex, stated that the VSM dental lab is heavily surveilled with security cameras and that outside of the lab several holding cages are used to house inmates who wait for their dental appointments. (Doc. No. 60-2, p.2) Security escorts accompany an inmate when he is called for his appointment and they never leave the inmate alone. (Id.) Video recordings, however, are not retained indefinitely, and because Plaintiff did not request the video from August 16, 2018 until several months after the occurrence, that video had been recorded over.[1] (Id.) Gibson stated that prison records do not indicate the names of the escort officers for each inmate on a given date, so he cannot identify the officer who

---

[1] Gibson noted that Plaintiff did not file a complaint about the alleged assault until over ten months after the occurrence, and did not request a copy of the video until December 30, 2019, sixteen months after the alleged occurrence. (Id., p. 3)

4

helped Defendant Pittman escort Plaintiff. (Id.) Finally, on July 16, 2019, Gibson received an Internal Affairs report regarding Plaintiff's allegations, which concluded they were unfounded. (Id., p. 3)

According to the records of the Internal Affairs investigation, after Plaintiff accused Defendant of sexual assault, staff began a PREA investigation but could not review any camera footage because Plaintiff was not able to provide the staff with information concerning when the incident occurred. (Id., pp. 8-10) Lt. Rodney Brown took Plaintiff's statement and then contacted Defendant to advise her of the allegations. (Id., p. 9) On July 3, 2019, an assessment/retaliation status checklist was completed which reflected that Plaintiff did not request any type of emotional services. (Id., p. 13) Shelly Byers, the Assistant Medical Services Manager for the ADC stated that according to Plaintiff's medical records, the last time he visited the VSM dental lab was on August 16, 2018, and no medical records reflect that he reported a sexual assault by Defendant Pittman at that time. (Doc. No. 60-3, pp. 1-3) She also did not find any request for mental health services associated with this allegation in either his medical or mental health records. (Id., p. 2; Doc. No. 68-2)

In his deposition testimony, Plaintiff stated he alleged only one sexual assault by Defendant Pittman, which involved her fondling his penis and backing up against his penis, and that her actions caused him to suffer emotional distress. (Doc. No. 60-4, pp. 7-8) Based on all the evidence, Defendant states Plaintiff cannot prove that she caused him pain and acted with a culpable state of mind, citing Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997).

In his response, Plaintiff stated he never claimed that Defendant escorted him alone, but that the other officer stood behind him and would not have been aware of Defendant's actions, because she stood in front of him. He also denied that he and Pittman were interviewed with respect

to his PREA complaint, and he questioned the credibility of Byers' statements based on the fact that her husband is the Warden. He also stated that even though he did not immediately report the assault, there is no statute of limitations on rape. Finally, he stated he never claimed he received medical treatment and that Byers has no way of knowing if he asked for mental health counselling because such requests are located in his mental health files.

"A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. ... The defendant's conduct must objectively rise to the level of a constitutional violation, ... by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'" Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (quoting Rhodes v. Chapman, 452 U.S. 337, 342 (1981) (other citations omitted). "The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner ... [and] [t]o establish deliberate indifference, the plaintiff must show the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." Revels, 382 F.3d at 875 (other citations omitted). As noted by Defendant, sexual harassment or abuse can, "in certain circumstances, constitute the 'unnecessary and wanton inflictions of pain.'… To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." Freitas, 109 F.3d at 1338 (other citations omitted).

Even viewing the alleged incident in the light most favorable to the Plaintiff, the Court finds he fails to prove a constitutional violation. First, he did not report the incident until over ten months after it allegedly occurred, and then only when Defendant filed a disciplinary charge against him. Next, he admitted that he never claimed to have requested medical help, and his

6

records show that even though he requested mental health help for two other alleged PREA incidents involving other staff, he did not request any assistance in days or even months following the alleged incident. Although he denied that he and Pittman were interviewed in connection with his allegations, the records reflect otherwise. Gibson also stated in a Declaration that PREA and use of force complaints are sent to Internal Affairs for investigation, and depending on the circumstances, may not be referred to the State Police. (Doc. No. 68-1, p. 2) Plaintiff points to absolutely no evidence, other than his allegation of touching, to support his claim that Defendant sexually assaulted him. Finally, he also points to no evidence that he suffered an objectively serious physical or psychological injury as a result of the incident.

### 2) Interference with legal mail/harassment

The Court also finds that Plaintiff fails to support this constitutional claim for relief. First, he does not allege any harm or injury to a legal case or claim, which is necessary to support a First Amendment claim for interference with legal mail. See Lewis v. Casey, 518 U.S. 343, 349 (1996) ("To state a valid § 1983 claim due to interference with an inmate's legal mail, an inmate must allege that a defendant's deliberate and malicious interference actually impeded her access to the court or prejudiced an existing action.") Next, Plaintiff's claim that Pittman attempted to bait him into an argument by taking his legal mail and walking down a few cells with it, without any allegation of harm, does not support an Eighth Amendment claim for harassment. Freitas, 109 F.3d at 1338.

### IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 60) be GRANTED, and Plaintiff's Complaint against Defendant be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 10th day of February, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE